

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 2, 1995

Honorable Hugo Berlanga
Chair
Committee on Public Health
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-345

Re: Authority under state law of a state university to regulate parking by the disabled on campus (RQ-730)

Dear Representative Berlanga:

You present questions about a state university's regulation of parking by disabled persons on campus.

Education Code section 51.202 gives the governing boards of state institutions of higher education broad authority to regulate the operation and parking of vehicles on campus, including "assigning parking spaces and designating parking areas and their use and assessing a charge for parking" and "instituting a system of registration for vehicle registration, including a reasonable charge." Educ. Code. § 51.202(a)(2), (5). Section 54.505 specifies that the section 51.202 registration fee may be charged to "students, faculty, and staff" and adds that "a reasonable fee or fees" may be charged "for the provision of facilities and the enforcement and administration of parking and traffic regulations . . . provided however that no such fee may be charged to a student unless the student desires to use the facilities."

V.T.C.S. article 6675a-5e.1 provides for the issuance by a county tax assessor-collector of special license plates and/or removable windshield cards to eligible disabled persons residing in the county. Section 6 of the article provides:

> (a) Any vehicle upon which such special license plates are displayed or in which a removable windshield identification card is placed . . . , when being operated by or for the transportation of a disabled person, shall be allowed to park for unlimited periods in any parking space or parking area designated specifically for the physically handicapped.

> (b) The owner of a vehicle on which the special license plates are displayed or in which a removable windshield identification card is placed . . . , is exempt from the payment of fees or penalties imposed by a governmental authority for parking at a meter or in a

space with a limitation on the length of time for parking, unless the vehicle was not parked at the time by or for the transportation of a disabled person. This exemption does not apply to fees or penalties imposed by a branch of the United States government. This section does not permit parking a vehicle at a place or time that parking is prohibited.

You ask whether, in view of the provisions of section 6, a state university may require that a disabled person, with article 6675a-5e.1 special license plates or a windshield card displayed on his vehicle (hereinafter a "disabled vehicle"), who wishes to park in disabled parking places on campus, obtain a "campus parking permit[]," "[o]r even [a] temporary visitor pass[]," and pay university fees associated therewith.

In our opinion, Education Code section 51.202(a)(2), in giving a state university authority to designate parking areas and their use, in effect authorizes the university to "prohibit" parking by vehicles without student or other appropriate university parking permits for the parking area in question. Thus, under the last sentence of subsection (b) of article 6675a-5e.1, section 6 does not require a state university to permit the parking of "disabled vehicles" in parking places "prohibited" for persons not also having the appropriate university parking permit. Furthermore, we do not think that fees assessed by the university under sections 51.202(a)(2) and 54.505(b) for students using its parking facilities--where the fees are charged for the issuance of a parking permit which permits parking over long periods like semesters or academic years in parking areas designated for students--should be considered to be within the exemption from "payment of fees or penalties . . . for parking in a space with a limitation on the length of time for parking" set out in section 6(b) of article 6675a-5e.1 with respect to "disabled vehicles."

Accordingly, the university may require that students, faculty and staff, even if they are disabled, register vehicles under sections 51.202(a)(5) and 54.505, Education Code, and pay a reasonable fee therefor, and may require that students, even if they are disabled, pay student parking permit fees established under sections 51.202(2) and 54.505(a) and, moreover, park in areas designated for students under section 51.202(2).[1]

---

[1]We note that we do not attempt here to anticipate or resolve all issues which may arise in the context of state university authority over campus parking under the provisions of article 6675a-5e.1. For example, as you do not specifically raise the issue, we do not address here the effect of article 6675a-5e.1 in situations where the university collects its parking fees through the use of ordinary parking meters.

## S U M M A R Y

A state university may require that students, faculty, and staff, even if disabled, register vehicles and pay a reasonable fee therefor, and may require that students, even if disabled, pay student parking permit fees for use of campus parking facilities and park in areas designated for students.

Yours very truly,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General